UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT F. DUGAN,

          Plaintiff,

-vs-                            Case No. 5:13-cv-235-Oc-36PRL

SCOTT A. MIDDLEBROOKS, et. al.,

          Defendants.
_____/

**O R D E R**

This matter comes before the Court upon review of Defendants Watts, Pastrana, Jarvis and Padgett's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 41) and Defendant Travis' Motion to Dismiss. (Doc. 52). Plaintiff has filed Responses to the Motions. (Doc. 45). The Motions are ripe for review. For the reasons that follow, Defendants Watts, Pastrana, Jarvis and Padgett's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment will be denied. Likewise, Defendant Travis' Motion to Dismiss will be denied.

**I.    Background**

Plaintiff is a federal prisoner currently incarcerated at Bennettsville Federal Correctional Institution in Bennettsville, South Carolina. The events relating to the Complaint pertain to Plaintiff's incarceration at FCC Coleman located in this division and district. Plaintiff, proceeding *pro se*, initiated this case by filing a Civil Rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials). (Doc. 1). The gravamen of Plaintiff's claim is that the named Defendants violated his First and Eighth Amendment rights by retaliating against him for

1

pursuing litigation and complaints and by denying him access to his medical records. Plaintiff seeks a declaratory judgment that Defendants have violated his rights, compensatory and punitive damages, and costs and fees. *Id.*

## II. **Standards of Review**

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

In applying the standard for summary judgment, the Court must review all of the evidence "in the light most favorable to the nonmoving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Anderson*, 477 U.S. at 249. If the party who has the burden of proof at trial fails to establish even one essential element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial." *Id.* The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."

Further, in passing on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is mindful that "[d]ismissal of a claim on the basis of bare bones pleadings is a precarious disposition with a high mortality rate*.*" *Int' Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). Thus, for the purposes of a motion to dismiss,

the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider all of the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed.R.Civ.P. 10(c); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

### III. Discussion

#### A. Defendants Watts, Pastrana, Jarvis and Padgett's Motion to Dismiss and, Alternative, Motion for Summary Judgment

Defendant Watts moves to dismiss the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Defendant Padgett moves to dismiss the Complaint because Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 41). Further, Defendants Jarvis and Pastrana, Wardens at FCC Coleman, argue that any claim for damages under a theory of supervisory liability or vicarious liability is not available. *Id.* Moreover, Defendants contend that the Complaint is subject to dismissal because Plaintiff has

failed to state how the Defendants personally participated in the alleged constitutional violations. *Id.* Likewise, Defendant Jarvis argues that Plaintiff fails to state sufficient facts as to how her response to a grievance subjected her to constitutional liability. *Id.* Finally, Defendants contend that while Plaintiff does not specify, should the Complaint be construed to include claims against Defendants in their official capacities, it is well settled that these claims are not cognizable. *Id.*

To the extent that Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b), the request is due to be denied. Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment was filed on June 17, 2014. (Doc. 41). As Defendants acknowledge within their Motion, Defendants previously filed an Amended Answer to the Complaint on June 12, 2014. (Doc. 40). District courts routinely deny motions to dismiss which are filed simultaneously with or after an answer is filed. *See The Bullard Building Condominium Association, Inc. v. Travelers Property Casualty Company of America*, 2006 WL 2787850, *1 (M.D. Fla. 2006); *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 2007 WL 201261, *5 (S.D. Fla. 2007); *Smith v. Bank of America, N.A.*, 2014 WL 897032, *9 (M.D. Fla. 2014). A motion to dismiss is improper once a responsive pleading has been filed. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Accordingly, to the extent that Defendants seek dismissal under Fed. R. Civ. P. 12(b), the request is due to be denied.

Alternatively, Defendants have requested that the Court grant summary judgment in their favor. (Doc. 41). A review of the record reflects that the Court has not entered a scheduling order in this case with respect to discovery. The record shows, however, that Plaintiff has filed a Motion to Compel complete responses to his First Set of Interrogatories. (Doc. 50). While the

Court has not ruled on the Motion, Plaintiff's arguments appear to involve the issues addressed in the Motion to Dismiss/Motion for Summary Judgment.  *See id.*

Upon due consideration, the Court has determined that a request for summary judgment at this juncture in the case is premature.  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As stated in *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery."  Further, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988).  The record in this case reflects that the Plaintiff may not have had an adequate opportunity to engage in discovery or the record may otherwise be inadequate.  Accordingly, considering the request for summary judgment at this time would be premature.

### B. Defendant Travis' Motion to Dismiss

Defendant Travis has also filed a Motion to Dismiss arguing that she is immune from suit as an Officer of the Public Health Service. (Doc. 52).  Defendant Travis states that she was a dental officer at FCC Coleman and was commissioned with the Public Health Service.  *Id.*

The United States Supreme Court has held that 42 U.S.C. § 233(a) precludes an action under *Bivens* against U.S. Public Health Service personnel for constitutional violations arising out of their official duties.  *Hui v. Castaneda*, 559 U.S. 799 (2000).  Section 233(a) "grants absolute immunity to Public Health Officers and employees for actions arising out of the performance of medical functions

5

within the scope of their employment by barring all actions against them for such conduct." *Id.* at 806. If the employee's actions occurred within the course of his or her duties, a plaintiff's sole remedy is to proceed against the United States under the Federal Torts Claim Act.

Defendant Travis argues that the alleged constitutional violations occurred while she was providing dental care to Plaintiff at the prison and she was acting in her capacity as a dental officer at this time. (Doc. 52). Defendant Travis also declares that she has treated Plaintiff in accordance with the professional standard of care. *Id.* However, the Court cannot consider Defendant Travis' declaration (Doc. 52, Ex. 2) or Plaintiff's affidavit (Doc. 57) on a motion to dismiss, as the Court is limited to the four corners of the complaint and documents attached thereto.

Plaintiff responds that Defendant Travis is not immune from suit because she acted outside of the scope of employment. (Doc. 56). Indeed, Plaintiff alleges in the Complaint that Defendant Travis delayed dental treatment in retaliation for Plaintiff's filing another lawsuit against the dentist with this Court. (Doc. 1). Plaintiff also alleges that on July 27, 2011, Defendant Travis assaulted and battered Plaintiff by injecting him with drugs and narcotics by use of a hypodermic syringe. *Id.* Plaintiff contends that the dentist repeatedly stabbed his mouth and gums with the syringe and then drilled the wrong teeth. *Id.* Plaintiff alleges that when he advised the dentist that she performed work on the wrong teeth, she laughed at him. *Id.*

As such, it appears that Plaintiff's allegations in the Complaint go beyond simply providing dental care as Defendant Travis asserts. While Defendant Travis' motion acknowledges that Plaintiff has made the assault and battery allegations, she does not provide an analysis with respect to the apparent scope of employment limitation of section 233(a) and how it exactly relates to these claims. In other words, the Court cannot determine if Defendant Travis is entitled to absolute immunity based on the allegations in

the Complaint and attachments thereto. *See Cuoco v. Moritsugu*, 222 F.3d 99 (2nd Cir. 1999) (finding that if a plaintiff could prove that a defendant violated his constitutional rights in the course of something other than the performance of a medical or related function or while acting outside the scope of employment, section 233(a) would not, of course, provide the defendant with absolute immunity.). Accordingly, the motion to dismiss is due to be denied at this stage of the litigation.

### IV.     Conclusion

Based on the foregoing, Defendants Watts, Pastrana, Jarvis and Padgett's Motion to Dismiss (Doc. 41) is **DENIED** because it is not properly before the Court. Defendants Watts, Pastrana, Jarvis and Padgett's Alternative Motion for Summary Judgment (Doc. 41) is **DENIED without prejudice as premature**. By separate order, the United States Magistrate Judge will rule on the Motion to Compel and enter a Scheduling Order to control discovery in this case.

Finally, Defendant Travis' Motion to Dismiss (Doc. 52) is **DENIED**.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida this 11th day of March, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:    Robert F. Dugan
              Counsel of Record